### STANDARD FOLDING BED CO. v. OSGOOD et al.

(Circuit Court of Appeals, First Circuit. October 17, 1893.)

#### No. 55.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—COMBINATION—EQUIVALENTS.
   Infringement is not prevented by the substitution of a well-known equivalent for one element in a patented combination, although the working of the combination is thereby slightly varied, especially when no new or useful result is obtained, and the only effect is the production of an inferior device.

2. SAME—INVENTION—FOLDING BEDS.
   The gist of the Welch patent No. 397,766 is a suspended folding bed, in which the movement of the foot legs is obtained directly from the suspended mechanism, and this is a useful and patentable invention, though perhaps not of wide scope, considering the prior state of the art. 51 Fed. Rep. 675, reversed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Suit by the Standard Folding Bed Company against Charles E. Osgood and others for infringement of a patent. The court below dismissed the bill. 51 Fed. Rep. 675. Complainant appeals. Reversed.

Edwin T. Rice, Jr., (Cary & Whitridge, on the brief,) for complainant.

John H. Whipple, for defendants.

Before COLT, Circuit Judge, and WEBB and CARPENTER, District Judges.

COLT, Circuit Judge. This case turns upon the question whether the defendants infringe the first claim of letters patent No. 397,766, granted February 12, 1889, to Lyman W. Welch, for improvements in folding beds. The invention has reference to that class of beds known as "suspended," as distinct from "supported" beds. In suspended beds the bed proper is hung from the standard; in supported beds the weight of the bed proper is supported from below. In suspended beds, as the bed body is lowered from the standard it describes an upward and outward movement, and, as it is raised, a downward and inward movement. The advantage of this double movement is that it enables the standard to be made shallower, and thus economizes space. The suspending devices having this eccentric movement are described in the earlier Welch patents of February 3, 1885, and June 14, 1887.

The invention covered by the present patent is for foot legs which automatically fold in or out by the movement of the suspending mechanism, as the bed is turned up or down. This had never been done before. In the prior Williams patent of April 19, 1881, there is shown a bed essentially of the supported class, and the mechanism to fold and unfold the legs is connected with the standard. The so-called "Eclipse" bed, invented by W. D. Snyder, is of the Williams type, and does not contain the invention of Welch. The Adgate and Hickman patent, No. 262,882, is for a suspended bed, but it describes no mechanism for folding the legs. The Laskey patent, No. 314,032, shows a bed suspended by slotted arms or links, but with no folding leg device. It is unnecessary to refer to the other patents cited by defendants. It is sufficient to observe that there is not found before the Welch invention any folding bed where the movement of the foot legs is obtained directly from the suspending mechanism, and this is the gist of the Welch invention. It may not have been an invention of very wide scope, looking at the state of the art at the time, but it was nevertheless, in our view, a simple, useful, and patentable improvement in the folding bed art.

The first claim of the patent is as follows:

"The combination with the standard and bed proper of the crank lever, c, pivotally mounted at its middle to the face of the bed rail, the suspending chain or connector, C, secured at one end to the bed proper, and at the other end to one end of the said crank lever, the legs, D, hinged to the bed proper, and the rod, E, connecting the other end of said crank lever with the legs, D, said parts being respectively arranged as shown, whereby said crank lever is held at all times aligned with that portion of the connector to which it is attached."

This claim sets forth a combination of devices by means of which the foot legs are automatically folded and unfolded by the movement of the suspending mechanism. The defendants make a bed in

which a similar movement of the foot legs is obtained from the suspended mechanism, but, in place of the suspending chain or connector of Welch, they have substituted the slotted arm of the Laskey patent, extending it beyond the point of attachment to the rail. The effect of this change is that the bed is not suspended during the whole of the folding and unfolding movement, but turns upon a bearing during a portion of the time. But a charge of infringement cannot be overcome by the substitution of a well-known equivalent for one element in a patented combination, although the result of the working of the combination as a whole may be slightly different, especially where no new or useful result is obtained, and the only effect is the production of an inferior device. With this exception the defendants' bed contains all the elements in combination which are found in the first claim of the Welch patent. There is nothing in the disclaimer of the patent or in the proceedings in the patent office which limit Welch to the use of a flexible connector in this combination. For these reasons we are of opinion that the first claim of the Welch patent is valid, and that the defendants infringe.

Decree of the circuit court is reversed, and the case remanded, with directions to enter a decree in favor of the plaintiff, sustaining the validity of the first claim of the Welch patent, and adjudging that this claim has been infringed by the defendants, and ordering an injunction and account.