GAMEWELL FIRE-ALARM TEL. CO. et al. v. MUNICIPAL SIGNAL CO.

(Circuit Court of Appeals, First Circuit. April 11, 1894.)

No. 43.

1. PATENTS—ANTICIPATION—PRIOR STATE OF THE ART.
   The Noyes patents, Nos. 359,687 and 359,688, for improvements in municipal signaling apparatus, whereby an alarm is sounded on receiving emergency signals, but not on receiving ordinary signals, each device being a combination of a multiple transmitter adapted to send signals of either class automatically, a single receiving instrument, and an alarm which responds to signals of one class, and not to others, the method of the first patent being by varying the strength of the current, and that of the second by varying the duration of current impulses, were not anticipated by prior patents for similar devices which either lacked a multiple transmitter, or, if having such a signaling apparatus, employed independent registers, which were dispensed with by the single receiver of the patents. 52 Fed. 464, affirmed. Putnam, Circuit Judge, dissenting as to the second patent, on the ground that it was void because covered by the claims of the first.

2. SAME—ANTICIPATION—EVIDENCE.
   Evidence of experimental use, merely, of a device, the model of which is not produced, and which was not known to a subsequent inventor, is insufficient to show anticipation of his patent.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit by the Municipal Signal Company against the Gamewell Fire-Alarm Telegraph Company and others for infringement of certain patents. The circuit court rendered a decree for complainant (52 Fed. 464), and defendants appeal.

Charles N. Judson, Causten Browne, and Richard N. Dyer, for appellants.

Fish, Richardson & Storrow, for appellee.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

NELSON, District Judge. This is a suit brought upon letters patent No. 359,687 and No. 359,688, both dated March 22, 1887, granted to Bernice J. Noyes, as assignor to the plaintiffs. Infringement is alleged of the first two claims of No. 359,687, and of all the five claims of No. 359,688. Both patents relate to improvements in municipal signal apparatus. The first patent (No. 359,687) describes a municipal signal apparatus, the purposes and objects of which are substantially as follows: As is usual with such mechanism, there is a central station, where messages, alarms, and the like are received, and there are substations in the shape of boxes, located at various points throughout the city or town. From these boxes it is desirable that two classes of alarms shall have the capacity of being sent. One class of alarms is of such a nature that they need immediate attention, and, to draw the attention of the attendant to these alarms, it is arranged that, when such alarms are received, a bell shall be rung, so that the attendant shall see what the want is. The other class of messages consists of those to which no immediate attention need be paid, the record of which merely needing supervision at the end of the day. These objects are carried out by substantially the following mechanism: At the central station there is arranged in one circuit a recorder, the circuit of which is controlled by a relay in the main circuit, which will respond either to a total break in the circuit or to a reduction in the current strength, the relay having a strong retractor, which moves the armature backward, and completes the local circuit of the recorder for all these current changes. Another relay is included in the main circuit, which is not as sensitive, and which responds only to total breaks in the circuit. This relay controls the local circuit, having a bell in it. The operation is as follows: If a message is to be sent which is merely to be recorded, a current is sent over the main line, of reduced strength, and the recorder of the local circuit is operated alone, thus making a record of message, but not ringing the alarm. If it is desired to send from a box a message requiring an alarm, then the circuit is broken in the main line, and both the recording instrument and the bell circuit are operated, and the attendant's attention is immediately called to the fact that an urgent message is being received. Thus, by having two relays differently adjusted to the main line, and a signal box capable of sending either total makes or breaks, or currents of diminished strength, messages can be received on the recorder without ringing an alarm, or they can be accompanied by an alarm, and the character of the message—whether it requires an alarm or not—will be determined by the implement used to send in the alarm. The second patent (No. 359,688) seeks to accomplish identically the same purpose, but in a different way. Instead of

having instruments in the main circuit responsive to changes in the strength of the current in the circuit, it has instruments and connected mechanism responsive to makes and breaks which differ in time. Thus a series of short breaks in the main circuit will act on the recorder, and record a message, without giving any alarm; but, if it is desired to send in an alarm accompanying the message, this is accomplished by a long break, which, by the operation of suitable clockwork, closes the alarm-bell circuit, and calls attention to the fact that a message requiring immediate attention is being recorded. Thus the mechanism of this last patent accomplishes identically the same result as the mechanism of the first patent, by means of long and short breaks, while the first patent accomplishes it by means of breaks and changes of current strength in the circuit.

The principal defense set up in this case is that in view of the state of the art as shown in certain patents which were prior in point of time to the Noyes patent, and in view, also, of the so-called "Wood Device," there was nothing patentable in the Noyes apparatus. The first patent relied upon by the defendants is one granted to J. W. Stover, July 26, 1881. That was a patent for improvements in telegraph relays, so that certain signals may be sounded in one relay, and certain other signals coming over the same line may be sounded on another relay,—one relay operating always; the other operating when the proper current change is sent over the line. The apparatus for accomplishing this result consists of two coils, one about the other, the outer one of which is a primary, and the inner one a secondary, coil, together with two armatures so set that by a change in the current the sounder of one circuit will alone be operated, or the sounders of both circuits will be operated. The patent says:

"A sudden increase or decrease in the strength of the primary current, without actually interrupting it, will set up induced currents in the secondary coil, and operate the polarized armature, and thus signals may be sent through the main circuit, which will be received upon the receiving instrument M, and not upon the receiving instrument m."

This device plainly differs from the Noyes invention in having two separate and independent receiving instruments. It also lacks a multiple transmitter, which forms a part of the Noyes combination.

The Field patent of June 19, 1883, is also relied on as anticipating the Noyes invention. The scope of this patent is set forth with great clearness in the opinion of the court below. It is for a district telegraph apparatus for recording stock quotations, and is so constructed that the operator may accompany any message with an alarm signal. Two magnets are used, one neutral and the other polarized. The neutral, or printing magnet is operated in the usual manner by making and breaking the circuit. When, however, the operator desires to ring the alarm, he reverses the printing current, and so operates both the printing and polarized magnets, and thereby rings the alarm bell. The operator can send a message without an alarm, or he may send the same message with an alarm, depending upon his will. By the Noyes invention, every message of a certain kind must be accompanied by an alarm, while every message of a dif-

ferent kind can never be accompanied by an alarm. In the Field apparatus the operator may transmit the same message on distinct occasions, and may ring the bell on one occasion, and not on the other. The Field patent contains nothing in the nature of a multiple transmitter adapted to send messages automatically by current changes of different character, as in the Noyes invention.

Of the prior patents upon which the defendant relies, those which were issued to J. C. Wilson in 1885 and 1886 bear the closest resemblance to the Noyes system. They describe a municipal signal apparatus, with a central station and substations having the capacity of communicating with each other. The substations are provided with multiple signalling apparatus, arranged to send certain signals by a weakening in the current strength due to resistance, and other signals due to total cessations in the current. At the central station there are two relays, two recorders, each in a local circuit, with a bell in one circuit. The two relays are so adjusted that one will operate on a reduction of current strength, and the other only on a total break. The police or patrol calls operate by a reduction of current, registering on the recording instrument the patrol call. If a want call is sent in, the multiple transmitter is operated, so that the current is broken in the transmission of the message, and the record is made on a separate instrument. In this apparatus there are multiple transmitters at the substations, capable of sending messages by reductions in the current strength or total interruption, and at the central office there are two relays, one of which controls a patrol recorder, and the other controls a want or signal recorder, with an alarm bell. In these patents two registers are indispensable to its operation,—one for recording patrol calls, and one for recording want calls. Wilson states in his second patent that the reception of both patrol calls and want calls in the same instrument was objectionable, and his apparatus was designed to obviate what he considered to be that difficulty. The Noyes invention seems to have removed the objection suggested by Wilson, and consists in an improvement upon the state of the art as shown in the Wilson patents, which improvement consists in successfully dispensing with the necessity of two complete sets of registering apparatuses at the central station. The use of a single recording apparatus simplifies the central office mechanism, reduces its cost, and entails less attention and labor on the part of the attendant. It is less difficult to keep one recording instrument adjusted than two. It is also thought more convenient in practice to have all the signals recorded on one strip of paper than upon two. The Noyes apparatus has the double advantage of producing an improved result, and of doing it more cheaply and with less complicated mechanism. Of the other prior patents referred to by the defendant, it is only necessary to remark that they have still less resemblance to the Noyes invention than the Stover, Field, and Wilson devices.

In regard to the Wood device, it appears that in 1877 Wood applied for a patent upon an improvement in automatic telegraph signal instruments, which application was rejected by the patent office. His application was accompanied by a model which, it is

claimed, embodied the Noyes invention. The model itself was not produced, and the account given of it by the witnesses is somewhat confused and conflicting. The only use ever made of it by Wood was merely experimental.. It was never used for any practical purpose. There is no pretense that Noyes ever knew of its existence. The evidence is wholly insufficient for the court to conclude that Noyes' invention was anticipated by the Wood device. The evidence is sufficient to prove infringement. The defendant manufactured apparatus embodying the features of the Noyes invention, set it up in its office, and offered to furnish it, or other apparatus like it, to the city of Boston. Decree of the circuit court affirmed.

WEBB, District Judge, concurs in this opinion.

PUTNAM, Circuit Judge. If the patents on which this bill is framed are to be construed as covering only detailed construction, the bill would fail on the issue of infringement for lack of evidence as to the particulars of the apparatus of the defendants (now appellants). If construed broadly, as claimed by complainant below, the substance consists in a combination of a multiple signal transmitter with a message receiving instrument at the central station, and an alarm, which latter responds to signals of one character, and not to others. As a broad invention thus defined, it has nothing which was not fully described in the prior systems of Wilson except a single receiver in lieu of two, and Field had the single receiver. When the patents in suit were taken out, this distinction, if held of any value whatever, was apparently regarded as of little consequence, because in the specifications of the first one it was said that the system described therein might be "employed to operate two independent receiving instruments at a central station." There is much ground for maintaining that a single receiving instrument was the normal condition of the art, and that Wilson adopted two only because he regarded them preferable. But, however these matters may have been, it is apparent that, when a single receiving instrument was desired in the place of two, the change could easily have been made by any person skilled in the art. There was no mystery or difficulty whatever in doing this. The entire advance made by Noyes, if he made any except in details, was in the adaption of Field's single receiver to the Wilson system, and this seems to me to have required no inventive faculty.

Therefore, if I felt at liberty to proceed in this case on my own convictions, or on my understanding of the tendency and practical effect of the decisions of the supreme court during the last few years, which have sustained so many decrees in the circuit courts holding patents invalid for want of patentable novelty, and reversed so many in which the patents have not been held invalid for that reason, and especially the tendency and practical effect of the series of cases concerning "double use," so called, beginning with Pennsylvania R. Co. v. Locomotive Engine Safety Truck Co., 110 U. S. 490, 4 Sup. Ct. 220, and ending with Knapp v. Morss, 150 U. S. 221, 225, 226, 228, 14 Sup. Ct. 81, and of the rule in Gordon v. Warder,

150 U. S. 47, 50, 14 Sup. Ct. 32, to the effect that while certain prior patents may not strictly anticipate, yet they may aid to create such a state or condition of the art as to require the restriction of a subsequent patent "closely to the devices and methods claimed" by it, I could not concur in any opinion sustaining the validity of either of these patents. But apparently the trend of this court, as shown in Folding Bed Co. v. Osgood, 7 C. C. A. 382, 58 Fed. 583, and in Herrick v. Leveller Co., 8 C. C. A. 475, 60 Fed. 80, precludes me from following my own views as above expressed. Therefore, I concur in so much of the opinion of the court as gives a broad support to Noyes' first patent.

It seems to me, however, that his second patent must have been taken out as a matter only of greater caution, through fear that, by some possible interpretation of the claims of the first, every method of using the electric currents would not be covered. To my mind, this was unnecessary; and, unless the patents are to be limited to details, the claims of the first patent cover every form of current changes particularized in either. I think, therefore, that under Leggett v. Oil Co., 149 U. S. 287, 13 Sup. Ct. 902, and more particularly and clearly under Miller v. Manufacturing Co., 151 U. S. 186, 14 Sup. Ct. 310, the second patent is void. Most assuredly has there been no infringement of the fourth claim of the second patent, which expressly unites in the combination two receivers. On so much as relates to the second patent, I know of no decision of this court which precludes my judgment.

On the question of infringement I agree fully with the conclusions of the court.

For the reasons stated, I concur touching the first patent, but dissent touching the second.