CELLULOID CO. v. ARLINGTON MFG. CO.

(Circuit Court, D. New Jersey. February 15, 1898.)

1. PATENTS—ANTICIPATION—PROCESSES.
    A patent for a process of producing imitation onyx from pyroxylin compounds is not anticipated by prior processes for producing from the same compounds imitations of veined ivory, mottled amber, tortoise shell, etc.; it appearing that an imitation of onyx had long been desired, but never before obtained.

2. SAME.
> The Stevens & Harrison patent, No. 546,360. for the production of imitation onyx from pyroxylin compounds, and the Thurber & Schaefer patent, No. 542,452, for an improvement in celluloid articles, and the process of manufacturing the same, construed, and *held* not anticipated, valid, and infringed.

This was a suit in equity by the Celluloid Company against the Arlington Manufacturing Company for alleged infringement of certain patents.

J. E. Hindon Hyde, for complainant.

John R. Bennett, for defendant.

ACHESON, Circuit Judge. The bill charges the defendant with infringement of two letters patent, of which the complainant is assignee, namely, letters patent No. 546,360, dated September 17, 1895, granted to John H. Stevens and Edwin D. Harrison, assignors to the complainant, for the "production of imitation onyx from pyroxylin compounds," and letters patent No. 542,452, dated July 9, 1895, granted to Charles H. Thurber and Christian W. Schaefer, assignors to the complainant, for an "improvement in celluloid articles, and in the process of manufacturing the same." The defense most relied on is lack of invention. In support of this branch of the defense a number of prior patents have been introduced. Not one of them, however, relates to the production of imitation onyx, or to the manufacture of the articles described in patent No. 542,452. None of them, then, can be said to anticipate either of the patents in suit. It is true, as appears from some of these earlier patents and otherwise, that the production from pyroxylin compounds of imitations of natural substances, such as veined ivory, mottled amber, tortoise shell, etc., was older than the invention here involved. But artificial onyx, in a pyroxylin composition, although long desired, had never been produced before the invention of Stevens & Harrison. They were the first to produce a pyroxylin imitation of onyx. Their patent describes a method, consisting of several successive steps, for the manufacture from pyroxylin compounds of imitation onyx, exhibiting the stratified, cloudlike markings of pale tints, with the strong yellow or brown color breaking through in a direction opposed to the trend of the lighter strata. The claims are for the described method or process, and for the product. The product, as already intimated, is entirely new, and is undoubtedly useful. The described and claimed method seems to me to be also new. I do not find that the particular method described in the Stevens & Harrison patent had ever been previously used in the treatment of pyroxylin compounds, or otherwise. There is no evidence to show that the method is not new. The prior practice set forth in France's application is not the method described by Stevens & Harrison. Nor is the product of these two methods the same. The France method produces imitation agate, but it will not produce imitation onyx. Neither will the Stevens & Harrison method produce imitation agate. There is an essential difference both in the methods and the products. The grant of the Stevens & Harrison patent is prima facie evidence of invention.

Lehnbeuter v. Holthaus, 105 U. S. 94. The presumption of patentability thus arising has not been rebutted here by any evidence.

This last observation is equally applicable to the patent to Thurber & Schaefer, No. 542,452. The novelty of the process of manufacture described and claimed in and by that patent has not been impeached. The blanks out of which the defendant made the Huyler baskets were not provided with the irregular edge required by this patent. Therefore these baskets did not anticipate the invention, and are not within the claims of the patent. The defendant, then, is at liberty to continue the manufacture of those baskets. This patent is for the specific kind of articles, and for the particular process of manufacture, therein mentioned and described. Within its limited scope, I do not see why the patent should not be sustained. There is here no evidence whatever to overthrow the presumption of patentability which the patent itself raises.

There is ample evidence of infringement by the defendant of both the patents in suit. The testimony of the complainant's witnesses, I think, makes out a clear prima facie case of infringement of each of the patents. Upon this branch of the case the defendant offered no evidence. If the defendant's methods or processes were different from those of the patents, it was an easy thing to show the fact. But there is not even a sworn denial of infringement. Let a decree be drawn in favor of the complainant, in accordance with the views expressed in the foregoing opinion.