MUNICIPAL SIGNAL ·CO. v. NATIONAL ELECTRICAL MFG. CO.

(Circuit Court, D. Connecticut. November 2, 1899.)

No. 950.

PATENTS—INFRINGEMENT—MUNICIPAL SIGNAL APPARATUS.

The Noyes patents, Nos. 359,687 and 359,688, for municipal signal apparatus, construed, and *held* not anticipated, valid, and infringed.

This was a suit in equity by the Municipal Signal Company against the National Electrical Manufacturing Company for infringement of certain patents.

Dyer, Edmonds & Dyer, for complainant.
Briesen & Knauth, for defendant.

TOWNSEND, District Judge. Final hearing on bill and answer, raising questions of validity and infringement of complainant's patents Nos. 359,687 and 359,688, both granted March 22, 1887, to Bernice J. Noyes, for municipal signal apparatus. Prior to 1890 the Municipal Signal Company of New Hampshire was the owner of these patents, and had brought suit thereon in the First circuit. In 1890 it gave complainant, the Municipal Signal Company of Maine, an exclusive license thereunder, with an assignment of right to damages; and in 1898, after the installation of the plant herein alleged to infringe, it assigned the patents in suit to complainant In the suit in the First circuit, the patents were sustained by the circuit court and court of appeals; Judge Putnam, in the court of appeals, dissenting as to the validity of No. 359,688. Municipal Signal Co. v. Gamewell Fire-Alarm Tel. Co. (C. C.) 52 Fed. 464; Gamewell Fire-Alarm Tel. Co. v. Municipal Signal Co., 10 C. C. A. 184, 61 Fed. 948. On a motion for leave to file a supplemental bill in the nature of a bill of review, on the ground of newly-discovered evidence, the court granted the petition in part, and thereupon, by stipulation, the suit was discontinued.

The construction of said patents adopted by the courts in the First circuit will be followed here, except in so far as it may be affected by new evidence. This new evidence chiefly consists of patent No. 359,686, granted to said Noyes, and of what are termed the Henry and the Siemens-Halske anticipations. The two latter alleged anticipations were offered on said application for a supplemental bill, but the court denied the motion to introduce them, on the ground that it did not appear that they were not known or might not have been discovered by the use of reasonable diligence before the close of the original hearing. They will not be here considered. They are not discussed by counsel for defendant in his brief, except by means of a quotation from the briefs of counsel in said former suit, and they were not pressed by him on the argument. They do not, either singly or taken together, sufficiently disclose the principles of the Noyes selective signaling system, or a system capable of practical use for municipal signaling.

Patent No. 359,686 was not put in evidence in the Massachusetts suits. No satisfactory explanation of this omission is offered by

either party. Said patent was included in said original assignment to complainant in 1890.

The defendant claims as follows: (1) That this bill should be dismissed upon the ground that the infringements shown were since the complainant acquired title to the patents in suit, and therefore its remedy, if any, is at law for damages; (2) that there is no proof of infringement upon any construction of the patents in suit; (3) that in view of the alleged anticipations, and especially of patent No. 359,686, the invention covered by the patents in suit is so narrow that the defendant's construction, as proved, does not infringe.

The first claim need not be considered, because defendant's counsel admits that he does not wish to have the case disposed of on this technical point, because, if necessary, the defect may be remedied by joining the owner of the naked title to the patent; and because it sufficiently appears from the evidence that the defendant corporation has, since the acquisition of title to these patents by the complainant, maintained the apparatus alleged to infringe, through its employés, and that it threatens, by its circulars, to construct other similar apparatus in other cities. If, therefore, the patents are valid, and infringement is proved, there is sufficient to warrant a decree for an injunction and accounting against the defendant.

The patents herein relate to a system of selective signaling, by means of which signals are so transmitted, from boxes located in various parts of a city to a central station, that ordinary patrol calls, not requiring any action on the part of the central officers, are registered in one way, while emergency calls, such as those for a telephone, ambulance, etc., are announced by a different signal and by a gong. The character of the invention covered by the patents in suit is stated by the court in the First circuit to be as follows: "The essence of the Noyes invention is that every message of a certain kind must be accompanied by an alarm, while every message of a different kind shall never be accompanied by an alarm." Generally, the difference between the two patents in suit is this: Patent 359,687, by the use of auxiliary pens in connection with a revolving disk, either interposes or cuts out a resistance, and thereby so varies the current that when it is weak it operates only the patrol call, and when it is strong, by not having the resistance interposed, it operates the emergency call. It is unnecessary to discuss the other details of its construction. This system depends upon certain relays in the circuit which are operated by means of an armature with a spring. A strong current is sufficient to overcome the spring which holds the circuit open or closed, while a weak current is not sufficient to overcome such a spring. Consequently, when the message is transmitted by the use of the pen, it either, by means of the full current, registers a call and rings a bell through one line, or, by means of the weak current, only registers the ordinary call from the box; this arrangement of alternating resistances making two different circuits. The system of 359,688 differs from this system, in that it contains a clock device. having a lever so arranged as to engage the teeth of a moving wheel, carried continuously by

a suitable motor, arranged so as to produce a series of short changes in the circuit or a prolonged change; that is, an emergency message transmitted from the signal box, by means of a long and uninterrupted current, causes a lever engaging in the teeth wheel of the clockwork to be carried upward by the clockwork so as to make a long, continuous line, and to fall enough so as to drop a catch, close the local circuit, and cause the gong to be continuously sounded, while for ordinary calls the pencil or lever is intermittently moved back and forth, and makes a series of short dots instead of a prolonged dash, and does not ring the bell. This system is best illustrated by the ordinary Morse system.

Patent No. 359,686 is numbered first, but bears the same date as the patents in suit. Counsel for defendant claimed that it was the foundation patent in the system of selective signaling, and that, being earliest in number, it is part of the prior art; that there was no invention in the later patents; that as the complainant is now the owner of said patents, and has failed to bring suit thereon, the defendant is constructively licensed thereunder; and that the patents in suit are for mere modifications of the 359,686 patent not in suit. It also is for a multiple signaling device for transmitting various signals, and an audible alarm, and a message-receiving signal at the central station, responsive to all signals. It has a contact pen, an arm, and co-operating devices, which constitute a circuit controller to change the condition of a current of different character from that employed by the multiple transmitter for transmitting the signals.

Defendant's counsel, while contending for the foregoing propositions upon the argument, failed to introduce any proof of the construction or operation of said patent No. 359,686, other than by the following statement by his expert:

"Patent 359,686, March 22, 1887, to B. J. Noyes, for municipal signal apparatus (the same party who has patented the complainant's devices), represents a main-line circuit, signal station, ground connection, a call instrument, and a recording instrument in the local circuit, and this patent provides for transmitting different signals from the substation to a central station, and recording the same. For these reasons, the system was thoroughly understood of transmitting two or more signals, recording the same, and bringing into action an alarm, and it was shown by the same patentee in a prior patent."

On cross-examination, said expert, being asked to define in what patents he found the invention of the patents in suit, on his theory of the case, namely, that such inventions cover a system of signaling rather than instrumentalities employed therein, answered as follows:

"My opinion is that the most convenient references in connection with the patents of complainant are the Henry patent, 295,249; Wilson, 344,476; and the Siemens & Halske construction. Of course, there are other patents, showing details of construction, that might be referred to in connection with specific claims, especially in the second patent; but, as to the broad features of the system, the devices named and patents, in my opinion, cover the system claimed by the first patent of the complainant." "X-Q. In other words, the patents which you have mentioned in the last answer are those upon which you rely to anticipate the invention of the complainant's patent, as it is broadly stated; for instance, in claims 1 and 2 of patent 359,687. Is that true? A. Yes; including the Siemens & Halske construction."

For this reason complainant's expert "paid no attention to this patent" No. 359,686. He stated that said patent was for a specific construction of mechanism and arrangement of circuits to carry out the broad invention of selective signaling shown, described, and claimed in patent No. 359,687. The other expert for defendant concurred in this view, and, in the opinion of the court, this view is correct.

In this case, which involved the consideration of complicated mechanism bearing on the construction, operation, and scope of said patents, expert testimony was necessary for the purpose of enlightening the court. In the absence of such light, the court will accept the view of defendant's expert that patent No. 359,686 is not among those relied upon to defeat the broad construction of patent No. 359,687, and will follow the decision of the courts in the First circuit. The evidence shows that patent No. 359,686 does not anticipate either of the patents in suit, and that both involve invention.

The proof of infringement is indefinite. It was sufficient, however, to establish a prima facie case, and to put the defendant upon its denial, under the settled rule. Machine Co. v. Binney, 24 Fed. Cas. 653; Celluloid Co. v. Arlington Mfg. Co. (C. C.) 85 Fed. 449; Peifer v. Brown (C. C.) 85 Fed. 780; Conover v. Mers, 6 Fed. Cas. 322; Dreyfus v. Schneider (C. C.) 25 Fed. 481.

The defendant introduced no evidence to disprove the facts testified to by complainant's witnesses, or as to the construction of the claimed infringing device. Infringement may be considered as proved. Let a decree be entered for an injunction and an accounting.