### HUTTER v. DE Q. BOTTLE STOPPER CO. et al.

(Circuit Court, S. D. New York. October 7, 1902.)

1. PATENTS—SUIT FOR INFRINGEMENT—EVIDENCE.
   Where a patent sued on is intelligible without evidence, but defendant introduces expert testimony, it is proper for complainant to introduce the same kind of testimony in rebuttal.

2. SAME.
   Where defendant has not denied under oath the making and selling of the articles offered in evidence by complainant to prove infringement, evidence which establishes a strong probability of such fact is sufficient to make a prima facie case.

3. SAME—BOTTLE STOPPERS.
   The Hutter patent, No. 491,113, for a bottle stopper, *held* valid and infringed.

4. SAME—DESIGN FOR BOTTLE STOPPERS.
   The Hutter design patent, No. 25,435, for a design for a bottle stopper, *held* valid and infringed.

In Equity.

Briesen & Knauth, for complainant.
Henry Schmitt, for defendants.

TOWNSEND, Circuit Judge. Suit for infringement of patent No. 491,113, granted February 7, 1893, to Karl Hutter, for a bottle stopper, and patent No. 25,435, granted April 28, 1896, to Karl Hutter, for a design for a bottle stopper. All of the issues in this case, so far as they concern the validity of the patents, have been considered, upon practically the same evidence as to the same infringing devices, and with the same expert testimony, by the circuit court in the Third circuit, in the case of Hutter v. Broome, 114 Fed. 655.

After a careful examination of the patents, defendants' evidence, and the opinion of Judge Gray, which states the situation of the matters in issue fully and clearly, this court feels constrained to adopt his conclusions.

Defendants claim that certain expert testimony produced on rebuttal should have been taken in chief, and is not proper rebuttal testimony. The patent was intelligible without the aid of evidence. But inasmuch as defendants saw fit to introduce expert testimony, I think complainant's further evidence was proper in rebuttal, and that, in the circumstances, defendants' claim that it was not taken in time should not prevail.

The defense now seriously urged is that there is no sufficient evidence that the defendants made or sold the articles offered in evidence by complainant to prove infringement. Defendants have offered no denial that such is the fact, but they insist that the evidence offered by complainant was not sufficient to put them upon their proofs. This is a case where the evidence of the facts, if they exist, is peculiarly within the knowledge of the defendants, and where it would have been a very slight matter for defendants to have proved noninfringement, if it really existed. The evidence offered by complainant, while it might not be sufficient to overcome a denial under oath, is sufficient, in the absence of any such denial, to establish a very strong probability of the existence of the facts claimed, and to make a prima facie case. Municipal Signal Co. v. National Electrical Mfg. Co. (C. C.) 97 Fed. 810, 813; Id., 46 C. C. A. 270, 107 Fed. 284.

Let a decree be entered for an injunction and an accounting.