SMITH v. WEEKS.

(Circuit Court of Appeals, First Circuit.   January 10, 1893.)

No. 36.

1. APPEAL—REVIEW—BILL OF EXCEPTIONS—TRIAL TO THE COURT.
In an action at law the issues were referred to an auditor, who found in favor of defendant. The parties thereupon entered into an agreement to submit the cause to the court on the auditor's report, with a stipulation that, if the court held that the auditor's rulings were erroneous, plaintiff reserved his right to go to the jury, but that, if the court sustained the same, judgment should be entered for defendant. The court approved the auditor's rulings, and entered judgment accordingly. A bill of exceptions was allowed to plaintiff, who took the case on error to the circuit court of appeals. *Held* that, independently of Rev. St. §§ 649, 700, the court had no authority to review the cause; nor had it such power under section 649, for a jury was not unconditionally waived, as required thereby, but there was an express reservation of a right to go to the jury in certain contingencies.

2. SAME—STIPULATIONS.
The authority of the appellate court to review the cause could not be supplied by an agreement made therein that the stipulation below should be amended nunc pro tunc by striking out the reservation of a right to go to the jury, and inserting the words "Jury waived;" for the validity of the exceptions was determined by the status at the time when they were taken.

3. SAME—REMAND.
The agreement in the appellate court constituted no ground for remanding the cause to the circuit court in order that the stipulation might there be amended, for the court has no power in this case to remand unless it reverses.

4. SAME—REMAND—MANDATE—BILL OF REVIEW.
Under such circumstances the court will affirm the judgment, reserving to plaintiff in error liberty to file in the circuit court an application for leave to file a bill of review, and to proceed thereon as the circuit court may determine. Watson v. Stevens, 51 Fed. Rep. 757, 2 C. C. A. 500, followed.

In Error to the Circuit Court of the United States for the District of Massachusetts.

At Law.   Action brought in the superior court of Suffolk county, Mass., by Sidney Smith against Henry De Forrest Weeks, as executor of the will of Joseph C. Delano, to recover the value of certain shares of stock in the Boston Soapstone Furnace Company.   The declaration also contained counts for salary alleged to be due plaintiff, and for a certain sum as profits in the business.   But these counts were waived, and plaintiff relied solely upon the first-mentioned cause of action. The cause was removed by defendant, on the ground of diverse citizenship, to the federal circuit court.   The cause was there referred to an auditor, whose findings were in favor of defendant, and, after

the filing of his report, the following agreement was signed by the attorneys for the parties respectively:

"It is agreed by and between the parties that this case may be submitted to the court on the auditor's report for the determination of the court on the question whether the rulings of the auditor, Henry W. Bragg, Esq., as stated in his report as to the right of the plaintiff to recover, are correct. The plaintiff reserves his right to go to the jury if the court shall decide said rulings of the auditor to be erroneous. If the court shall sustain the findings of the auditor, judgment is to be entered for the defendant."

Thereafter the court approved the auditor's report and findings, and entered judgment for defendant according to the agreement. The plaintiff excepted to this ruling, took a bill of exceptions, and brought the case, on writ of error, to this court. Here the cause was submitted on briefs and the printed record, and thereafter the court entered an order permitting counsel to file briefs touching the jurisdiction of the court, under Rev. St. § 649. That section reads as follows:

"Issues of fact in civil cases in any circuit court may be tried and determined by the court, without the intervention of a jury, whenever the parties or their attorneys of record file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Instead of filing briefs on the question of jurisdiction, counsel signed an agreement to amend the record, in the following terms:

"It being the intention of the parties in the above-entitled case to submit this question of law to the court upon the facts as found by the auditor, it is agreed that the agreement may be amended nunc pro tunc by striking out the words, 'The plaintiff reserves his right to go to the jury if the court shall decide said rulings of the auditor to be erroneous,' and inserting in place thereof, 'Jury waived.'"

There was a hearing before the court as to the effect of this agreement, whereupon the following order was entered:

"Counsel for plaintiff in error may file motion with agreement and other papers by Tuesday, November 22d, and cause same to be printed under the rule. Counsel for plaintiff in error may file brief on motion by Monday, November 28th, on the following points: (1) Whether the court can take cognizance of the motion to amend; (2) as to the effect of the agreement now in the record. Counsel for defendant may file brief in reply by November 30th."

Thereafter counsel for plaintiff filed a motion to remand to the circuit court, which, after reciting the proceedings below and in this court, and setting out the two agreements, proceeded as follows:

"That counsel for plaintiff has examined the questions referred to in said order, and is convinced that the allowance of said amendment to the original agreement is not within the recent decisions of this court upon the subject of amendments. Wherefore plaintiff moves this court that the case be remanded to the circuit court, to enable him to move therein for leave to amend the agreement of June 22, 1892, in accordance with the stipulation of October 29, 1892, filed in this court."

A. E. Denison, for plaintiff in error.

1. It seems very clear that, in view of the inability of this court to amend the agreement of June 22, 1892, this case has proceeded upon a mistake of counsel on both sides.

2. The record shows that it was not in the contemplation of the parties that the matters in dispute should be submitted to the circuit court to be finally

determined, for, upon the announcement of the decision of the learned judge who presided, the plaintiff excepted thereto, and his exception was allowed.

3. A case cannot be submitted to the court for trial without waiving a jury by section 649 of the Revised Statutes. Supervisors v. Kennicott, 103 U. S. 556.

4. While the parties did intend—and the purpose of the present motion is to carry out such intention—to submit the questions involved to the court without a jury, as declared by the agreement on file in this court, the agreement under which they acted was insufficient for that purpose, and the learned judge had no authority to order judgment for the defendant.

5. Wherefore plaintiff respectfully claims that there was a mistrial, based upon mistake of court and counsel on both sides, and only by granting his motion can such mistake be rectified, and his rights be properly determined.

### Francis S. Hesseltine, for defendant in error.

1. (a) While the counsel for the defendant in error consented that the agreement made in the circuit court might be changed here, he objects to the case being remanded for alteration of the agreement in the circuit court. Parties cannot by consent give this court jurisdiction. There is no rule or law which will justify this so-called "amendment," and nothing that requires it.

The proposition is not to amend the summons, writ, declaration, process, judgment, or other proceeding for any defect or want of form which is allowed by sections 948 and 954 of the United States Revised Statutes, but to materially change an agreement of the parties to make a substantially new and different agreement. While the law and practice allowing amendments is very broad, it does not go to this extent, and there is no law or discretion which can justify it.

The parties are presumed to have understood the law and practice when they made the agreement, and what they intended is plainly expressed. There is no defect or want of form to correct. While amendments are allowed, so that the court may cure defects and give judgment according as the right of the cause and the matter in law shall appear to it, without regarding any defect or want of form, it cannot go to the length to change an agreement to enable a party, if possible, to reverse on a writ of error a judgment assented to under an agreement in the court below.

(b) If the allowance of this motion would cure any defect in the proceedings, and would empower this court to correct any error so as to review and give judgment, it might be well to consider the question of amendment; but this alteration of the agreement, if made, would be of no avail to effect the judgment or to give this court jurisdiction.

The amendment proposed, if allowed, would not materially change the status of the case. It still remains a submission to the court on the rulings of the auditor, and an agreement for judgment by the court for the defendant if the court shall sustain the ruling. Such an agreement is in the nature of a reference, and no writ of error from the decision of the judge would lie to this court. The striking out of the conditional reservation to go to the jury if the court should decide the rulings erroneous would be of no advantage to the plaintiff in error to change the judgment of the court or sustain his writ of error; and on the agreement of submission, if so amended, no exception could be taken from the decision of the judge, nor writ of error to this court.

This court can obtain jurisdiction of this cause by no other mode of proceeding than that which the law prescribes; and, if the parties desire to preserve the right to review and revise in the circuit court of appeals the rulings and decisions of the circuit court, they must proceed according to the methods and rules prescribed by the United States Revised Statutes. Guild v. Frontin, 18 How. 135; Suydam v. Williamson, 20 How. 428.

2. As to the effect of the agreement now in the record, this was an agreement to submit the law on the facts as found by the auditor to the court; an agreement in the nature of a reference; an agreement to constitute the judge an arbitrator or referee, whose award is final and conclusive between them. Graham v. Bayne, 18 How. 62.

No facts were to be found and determined by the court but the single question whether the findings of the auditor, as reported, were correct; and it

was agreed that, if the court should so find, judgment was to be entered for the defendant. It was final, and from that judgment no writ of error will lie. There was no reservation, agreement, or consent, if one could have been made, for the review and the revision of the judgment of the judge of the circuit court; no agreement that it might be taken to the circuit court of appeals for subsequent determination. It was a brief method adopted by the parties to dispose of this action, to submit the law to the determination of the judge, and, if he sustained the rulings of the auditor, judgment to be entered for the defendant. As the counsel are presumed to know the law, the practice, and the decision of the courts, it is clear that it was intended by this agreement that the judgment of the circuit cou t should be final, and that no writ of error was to be taken to this court.

The proceedings in the court under this agreement were somewhat irregular. The agreement to submit the case on the question of law to the determination of the court, and that upon its finding judgment might be entered for the defendant, is conclusive. The judgment of an inferior court cannot be revised in any other mode than that which the law prescribes; and the agreement of parties cannot authorize this court to revise the judgment of the circuit court. When parties agree to submit matters of law or of fact to the decision of the court, a writ of error will not lie to this court to inquire into any errors which may have been committed under such proceeding, and the judgment of the court below must therefore stand, and be affirmed. Kelsey v. Forsyth, 21 How. 85; Merrill v. Floyd, (Cir. Ct. App., filed Oct. term, 1892,) 53 Fed. Rep. 172; Madison Co. v. Warren, 106 U. S. 622, 2 Sup. Ct. Rep. 86.

This court should not order a venire facias de novo to reverse the judgment, because there is no error in the record which requires correction; there is no imperfection in the judgment of the court. The court should not remand the case to the circuit to change there the agreement of submission. The proposed change in the agreement does not change the submission to the court, nor the agreement for its judgment. That judgment was rendered under an agreement, and no right of review of such judgment by this court was intended or reserved in said agreement; and it could not be reviewed here if the agreement was changed as proposed; and, the judgment having been given in accordance with the terms of the agreement submitting it, and as no error appears in the record, the judgment of the circuit court should be affirmed. Graham v. Bayne, 18 How. 62; Prentice v. Zane, 8 How. 470; Bayard v. Lombard, 9 How. 551; Minor v. Tillotson, 2 How. 392.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PUTNAM, Circuit Judge. For all the purposes of this case it can be safely said that proceedings on error in the federal courts are governed by the common law, except as it is modified by Rev. St. §§ 649, 700. There are certain plain and well-settled methods of raising questions to be determined on error, around which the rules and practice of the federal courts have gathered, and to which they are adapted; so that the legal propositions involved may be raised seasonably and with precision at the trial, so also that at that time may be corrected all mere slips or other inadvertencies, and so that the questions may be plainly and easily apprehended by the appellate court; and so, further, that parties shall not be permitted to secretly reserve questions by subterfuge, or present them first on appeal as after-thoughts. For this reason the federal courts justly regard with jealousy and great care all attempts to raise questions on error otherwise than by the plain methods well known to the law. "No questions of law can be reviewed on error except those arising upon the process, pleadings, or judgment," "unless the facts are found by a jury, by a general or special verdict, or are admitted by the parties

upon a case stated." Campbell v. Boyreau, 21 How. 223; Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. Rep. 296. In Campbell v. Boyrean, the court not only laid down this general rule, but specifically held that "the finding of issues of fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act." It continued: "And this court, therefore, cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law, as if those facts had been conclusively determined by a jury, or settled by the admission of the parties." It further held that no exceptions are to be taken pending a trial, "unless a jury was actually impaneled, and the exception reserved while they were still at the bar." This was in 1858, prior to the enactment of the statute now represented by Rev. St. §§ 649, 700. It needs nothing further to demonstrate that, independently of these statute provisions, this court cannot review the rulings of the circuit court to which exceptions were taken. The intent and requirements of Rev. St. § 649, are simple, but they are positive. No specific form is demanded if the intent of the agreement filed under it is plain. Supervisors v. Kennicott, 103 U. S. 554, 556.

If the parties here had agreed in writing, before sending the case to the auditor, that his findings of fact should be conclusive, they would, perhaps, have brought themselves within Bond v. Dustin, 112 U. S. 604, 5 Sup. Ct. Rep. 296; Paine v. Railroad Co., 118 U. S. 152, 6 Sup. Ct. Rep. 1019; and Roberts v. Benjamin, 124 U. S. 64, 8 Sup. Ct. Rep. 393. In each of these cases there was an agreement in writing for a reference under the local practice, and the supreme court held this sufficient under the statute. But the difficulty here is that, instead of agreeing that the case should be tried "without the intervention of a jury," as the statute authorizes, the parties expressly reserved a jury trial in certain contingencies; so that, if this court should sustain the exceptions, a jury trial must follow. This was not only a failure to comply with the simple letter of the statute, but was an attempt to send the case to the appellate court contingently, in such way as to experiment with it, and bar it from disposing of the suit finally. This practice the federal courts disapprove; and, to conclude, as this record comes into this court, the case is well within the rule settled by us in Merrill v. Floyd, 53 Fed. Rep. 172.

The validity of the exceptions, and their effect, depend on the status at the time when taken; therefore the agreement in this court cannot directly assist the plaintiff in error. He, however, makes it the basis of a motion to remand. It is plain that this court cannot in this case, if in any, remand unless it reverses; and where there is no error of which this court can take jurisdiction, and there is none in this case, it cannot reverse. The court, however, has considered the applicability of Flanders v. Tweed, 9 Wall. 425. Whether that case is analogous to this is far from clear; and whether the supreme court would now make the same allowance for the misunderstandings of counsel with reference to the statute under discussion which they did in that case, arising very soon after the statute was passed, we have no method of satisfying ourselves. But there it was stated that "it was apparent"

that "the parties," meaning both parties, supposed they had made up a case—perhaps misled by the act of 1824—which would be entitled to a re-examination in the appellate court. We cannot determine that such was the fact in the case at bar. There is nothing in the agreement filed in the court below to show it. The agreement filed in this court admits it; but, again, the brief of the defendant in error denies it. On the whole, we think we ought not to attempt to apply the apparent rule of Flanders v. Tweed,—a case so exceptional that, so far as we have observed, it has never been repeated. In Reed v. Gardner, 17 Wall. 409, it was expressly declared exceptional. We are, however, disposed to follow the order entered by this court, October 19, 1892, in Watson v. Stevens, 51 Fed. Rep. 757, 2 C. C. A. 500, and to reserve to the plaintiff in error whatever relief he may hereafter discover, if any; and therefore, without entertaining or expressing any opinion concerning the value of what we reserve, or whether any proceedings looking to a review would have any legal merits, we make the order special, as follows: The decree of the circuit court is affirmed, and this court reserves to the plaintiff in error liberty to file in the circuit court an application for leave to proceed in review, and to proceed on such application as the circuit court may determine.