In re MARQUAND.

(Circuit Court of Appeals, Second Circuit.   May 24, 1893.)

CUSTOMS ADMINISTRATIVE ACT OF JUNE 10, 1890—UNITED STATES CIRCUIT COURT OF APPEALS—REMISSION OF DUTIES—NEW TRIAL.

In a case arising under the customs administrative act of June 10, 1890, (26 Stat. 131,) it is not within the province of a United States circuit court of appeals to grant to or withhold from an importer leave to apply to an officer of customs for a remission of duties levied upon merchandise imported by him, and made the subject of such case; or, if a judgment rendered in such case by a United States circuit court be affirmed by such circuit court of appeals, to direct or suggest the action of such circuit court in regard to a new trial upon newly-discovered evidence or newly-ascertained facts.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Statement by SHIPMAN, Circuit Judge:

At Law.   Henry G. Marquand purchased in a foreign country, and on October 13, 1890, imported therefrom into the United States at the port of New York, an antique bronze statuette of Eros, for the purpose of adding the same to, and making it a part of, a collection of antique bronzes which he had been gathering for years, and then had in his house.  This statuette was classified by the collector of customs at that port as a manufacture of metal, under paragraph 215 of the tariff act of October 1, 1890, (26 Stat. 582.)  The said Marquand, as provided in section 14 of the customs administrative act of June 10, 1890, (26 Stat. 137,) protested, claiming—First, that this statuette was free of duty, under the provision for collections of antiquities, contained in paragraph 524; and, second, that, if not so free of duty, it was dutiable as statuary wrought, etc., under paragraph 465 of the aforesaid tariff act.  The board of United States general appraisers, to whom, pursuant to section 14 of the customs administrative act, the collector transmitted the invoice of this statuette, reversed the action of the collector, and decided that this statuette was free of duty, under the paragraph specified in the first claim of the protest.  The United States circuit court, to which, pursuant to section 15 of the customs administrative act, the collector appealed, reversed the decision of the board, and adjudged that this statuette was dutiable under the paragraph specified in the second claim of the protest.  The United States circuit court of appeals for the second circuit, to which the said Marquand appealed, affirmed the judgment of the circuit court.  55 Fed. Rep. 642.  Thereafter, and before the circuit court of appeals had issued its mandate, the said Marquand, upon an affidavit setting forth new facts, moved this court for leave to present this affidavit to the collector of customs, the United States appraiser, the board of general appraisers, or other officer of the customs, as the court might direct, and for leave to petition the collector or other proper officer to remit the duties assessed upon the Eros upon the facts stated in said affidavit, or upon oral proof to the effect stated; and, in case such relief should be denied, then that the mandate of the court affirming the judgment of the circuit court should contain the language: "Without prejudice to such application, or to an application of the said Marquand for a new trial from the circuit court upon said facts."

Frederic H. Betts, for the motion.

Edward Mitchell, U. S. Atty., and Thomas Greenwood, Asst. U. S. Atty., opposed.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge, (after stating the facts as above.) The application of Henry G. Marquand for leave to present the facts stated in his affidavit to the collector of customs or the board of general appraisers or other officer of the customs, and for leave to petition the collector or other proper officer to remit the duties upon the Eros, and the motion that the mandate contain the language, "without prejudice to such application, or to an application of the said Marquand for a new trial from the circuit court upon said facts," is not granted. It is not within the province of this court to grant or to withhold leave to apply to an officer of the customs for a remission of duties, or, in case a judgment of the circuit court is affirmed, to direct or suggest its action in regard to new trials upon newly-discovered evidence or newly-ascertained facts.