MARTIN & HILL CASH-CARRIER CO. v. MARTIN.

(Circuit Court of Appeals, First Circuit. December 30, 1895.)

No. 97.

DECISION ON APPEAL—LEAVE TO AMEND PLEADINGS.

Where an appellate court affirms a decision dismissing a bill in a patent suit, it will not, under the circumstances of this case, grant leave to the complainant to amend his bill so as to sue upon other patents not previously in issue. American Bell Tel. Co. v. U. S., 15 C. C. A. 569, 68 Fed. 542, 570, applied.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by the Martin & Hill Cash-Carrier Company against Joseph C. Martin for the infringement of patents Nos. 255,525, 276,441, and 284,456, granted to defendant, Martin, for improvements in automatic cash-carrier systems for store service, and assigned to complainant company. By amendments to the bill the latter two patents were stricken out and the suit proceeded upon the first claim of patent No. 255,525. The circuit court held that there was no infringement, and dismissed the bill. 62 Fed. 272. The complainant appealed to this court, which, on May 9, 1895, affirmed the decree, with costs. 14 C. C. A. 642, 67 Fed. 786. Afterwards leave was given to the appellant to file a petition for a rehearing and an alternative petition for leave to amend the bill so as to sue upon certain other patents owned by the complainant.

John Lowell, M. B. Phillip, and Samuel Norris, Jr., for complainant.
F. P. Fish and W. K. Richardson, for defendant.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

PER CURIAM. In this case we ordered a rehearing of the questions of estoppel raised by the appellant. The rehearing has been had, and we have carefully considered the propositions then made to us, and find no occasion to modify our opinion passed down May 9, 1895. 14 C. C. A. 642, 67 Fed. 786. We see no equity in the application that leave may be reserved for amendments in the circuit court. The case in that court was not made up so as to test the validity and effect of the several patents which the appellant now asks to be permitted to have opportunity to introduce formally, nor have we the proofs here bearing upon them. It seems plain that the complainant framed its case deliberately,—in fact, so deliberately that it amended by striking out allegations as to several of the patents referred to, and by cutting down the bill to its present form. It now asks to make a case in substantial respects different from that deliberately made in the circuit court. Moreover, the decision there was against it. Then was its proper time to apply for leave to amend, if it desired to do so, in order to strengthen its position. If the decision below had been in its favor, and this court had reversed that decision on grounds which operated as a surprise, or if we had the facts here, and there was a mere error in pleading, the equities in favor of the application might be different. We think the distinction must be kept clearly in view between amendments allowable before an appeal and those for which a cause is to be kept along thereafter. Most of the decisions cited by the appellant relate to the former, and so are not in point; and none of them sustains this application. Woodward v. Boston Lasting Mach. Co., 11 C. C. A. 353, 63 Fed. 609, was an exceptional case, the point on which it turned in this court having been made by the court itself.

This case comes within the closing remarks of our opinion in American Bell Tel. Co. v. U. S., 15 C. C. A. 569, 68 Fed. 542, 570, as follows:

"We have already found that, as the record now stands, it contains no proof to sustain an allegation of this character. Therefore, an amendment of this nature would require the opening of the record below for further proofs. It is not at all a case where a complainant has proved his case, but his allegations are found by the appellate court to be inapt. To grant this motion would, under the circumstances, violate all the rules requiring diligence from parties complainant."

The decree heretofore entered having been vacated by the allowance of the petition for a rehearing, the decree of the circuit court is affirmed, with costs.