## In re GAMEWELL FIRE–ALARM TEL. CO. et al.

(Circuit Court of Appeals, First Circuit. April 23, 1896.)

No. 180.

1. APPEAL—EFFECT OF DECISION AND MANDATE—SUPPLEMENTAL PROCEEDINGS BELOW.

A decision by a federal appellate court finally settles as the law of the case everything which was before the court and was disposed of by it, so that after it the court below has no power to entertain a supplemental bill in the nature of a bill of review, based on newly-discovered evidence, unless such right is reserved, or permission given in the mandate.

2. SAME—PETITION TO APPELLATE COURT AFTER MANDATE.

A federal appellate court may ordinarily entertain an original petition for leave to file, in the court below, a bill of review, or a supplemental bill in the nature thereof, even when the application is made after the rendition of judgment by the appellate court, after the going down of the mandate, and after the close of the term at which the judgment was entered.

3. SAME—QUESTIONS FOR DECISION.

Upon the filing of such a petition two questions ordinarily arise: First, that of the materiality of the alleged new matter; and, second, that of laches. The question of materiality is mainly and ordinarily for decision by the appellate court; but the question of laches should ordinarily be left to the court below, which is apt to be more fully acquainted with the facts bearing on that question. In case the petition is granted, therefore, the usual order will be that the petitioner have permission to apply to the court below for leave to file further pleadings.

4. SAME—REHEARINGS IN PATENT CASES — NEWLY-DISCOVERED ANTICIPATORY MATTER.

Applications for rehearings in patent cases, based on alleged newly-discovered anticipatory publications should not be made the basis for new proceedings, unless strict rules are satisfied.

Petition by the Gamewell Fire-Alarm Telegraph Company and others for leave to file in the circuit court a supplemental bill in the nature of a bill of review.

This was a suit in equity by the Municipal Signal Company against the Gamewell Fire-Alarm Telegraph Company and others for alleged infringement of letters patent Nos. 359,687 and 359,688, granted March 22, 1887, to B. J. Noyes, for improvements in municipal signal apparatus. The suit was commenced in June, 1888, and in August, 1892, after a hearing on the pleadings and proofs, an interlocutory decree for an injunction and account was entered by the circuit court. 52 Fed. 464. From this decree defendants appealed to this court, which, on April 11, 1894, affirmed the same. 10 C. C. A. 184, 61 Fed. 949. After the going down of the mandate, the complainant took no steps to have an accounting, and nothing has been done in that regard to the present time. On June 12, 1895, defendants filed in the circuit court a petition for a rehearing, and for leave to file a supplemental bill in the nature of a bill of review, based on alleged newly-discovered evidence. On February 5, 1896, this petition was denied, Colt, Circuit Judge, delivering the following opinion:

"No right having been reserved in this case in the mandate of the circuit court of appeals, and no permission having been given upon application to that court for leave to file a supplemental bill in the nature of a bill of review, the defendants' petition must be dismissed. Southard v. Russell, 16 How. 547, 570; Kingsbury v. Buckner, 134 U. S. 650, 671, 10 Sup. Ct. 638; Bank v. Taylor, 4 C. C. A. 55, 53 Fed. 854, 866; Durant v. Essex Co., 101 U. S. 555; Watson v. Stevens, 3 C. C. A. 411, 53 Fed. 31, 34. The rule laid down in the above cases applies to interlocutory as well as to strictly final decrees, but does not apply to interlocutory orders for preliminary injunctions, which

are now made appealable under section 7 of the act of March 3, 1891. Davis Electrical Works v. Edison Electric Light Co., 8 C. C. A. 615, 60 Fed. 276, 282. Petition denied." Thereafter, and on April 7, 1896, the defendants, by leave, filed in this court, the complainant not objecting, an original petition, praying for an order granting leave to file in the circuit court a supplemental bill in the nature of a bill of review, setting forth the alleged newly-discovered evidence. The new evidence set forth in the petition consisted of three matters of alleged anticipation: (1) The prior use in Kansas City, Mo., of a device known as the "Wood Signal Box"; (2) the Henry patent, No. 295,249, for a combined fire and police alarm; and (3) the Siemens-Halske publication.

The petition showed that the Wood device was set up at the hearing in the circuit court, and was considered, both by that court and by this court on appeal; and that the defense based upon it was overruled, not because it would not have been an anticipation, but because the proof of its existence and use was not sufficient. The petition then alleged that after the decision of this court defendants discovered that the Wood device had, in fact, been in actual use for business purposes in Kansas City, Mo., long prior to the application for the patent in suit; that this fact was known to complainant prior to the hearing in the circuit court; that it thereupon sent an agent to Kansas City, who discovered a person having knowledge of the use there, and one of the boxes which had been so used; that, believing this to be the only box in existence, complainant, for the purpose of concealing it, and preventing the knowledge of such use from coming to defendants, paid to such person a retainer; and that the said box was taken into the possession of the complainant, or of some person connected with it. It was further alleged that, prior to the hearing in the circuit court, defendants had obtained an intimation of the Kansas City use, and thereupon had addressed a communication to an officer of the company which had there used the system, but received evasive replies, and that it again communicated with such officer, but was unable to obtain any response. The petitioners averred that all these facts were discovered after the decision of the case on appeal, and that they were prevented from obtaining an earlier knowledge by the said machinations and concealment on the part of the complainant. In respect to the Henry patent, the petition alleged that defendants had caused a thorough and exhaustive search to be made through the letters patent granted by this and other countries and through literature generally, for the purpose of discovering patented or published anticipating structures, and that, although this search was made at great length, and at much expense, by intelligent men, the Henry patent was overlooked, and was only discovered in the course of a subsequent search. The allegations in relation to the Siemens-Halske publication, and the reasons why it was not previously discovered, were much the same as those in relation to the Henry patent.

The petition contained various allegations showing the materiality of these three matters, and also in relation to its exercise of diligence in their discovery. To this petition the complainant in the infringement suit filed an answer, which was, in effect, a general denial of the allegations. Upon the questions raised by the petition and answer briefs were filed. The points made in opposition to the petition were summarized as follows in the brief of counsel: "(1) The petition is defective in the form of its prayer. (2) The petition is filed too long after the transmission of the mandate to the circuit court to entitle it to consideration. (3) On the face of the papers the 'newly-discovered evidence' is of such a nature that the defendants are presumed to have known it. Publications cannot, in the nature of things, be newly discovered. (4) The defendants are guilty of actual laches; their 'newly-discovered evidence' has been known to them for years. (5) The substance of the alleged new matter is insufficient on its face to affect the case."

Richard N. Dyer (Sam'l O. Edmonds was with him on brief), for petitioners.

Odin B. Roberts (James H. Lange was with him on brief), for respondent.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. The principal case to which this petition refers was a bill in equity to enjoin the infringement of certain patents. There had been in the circuit court a hearing on bill, answer, and proofs, and the usual interlocutory decree for an injunction and a master, and an appeal to this court. Thereupon this court, after argument, affirmed the decree of the circuit court, and a mandate issued in the usual form. After the receipt of the mandate by the circuit court, the respondents in the original cause, being the petitioners in the pending proceeding, filed in the circuit court a petition for leave to file a supplemental bill in the nature of a bill of review, based on alleged newly-discovered evidence. The learned judge of the circuit court passed down an opinion, which referred to many of the cases we shall cite, and properly declined to entertain the proceeding without the leave of this court. Thereupon we granted leave to file this petition in this court, and the respondent, the Municipal Signal Company, voluntarily appeared, and filed a general denial, reserving all questions of law. The petitioners support their case by affidavits, and there are no opposing proofs.

In the federal courts, the practice has been fully established as held by the circuit court, with reference to all proceedings by amendment, or supplemental in any form, which may delay or turn aside the complete execution of the judgment of the appellate court, or which may bring before that court anew substantially the questions disposed of on the first appeal. Equity rule 88 has no relation to this subject-matter, as it clearly concerns only petitions for rehearing filed prior to the taking of an appeal; and Rule 30 of the rules of the supreme court relates only to proceedings which have their beginning and end in that court. The reasons underlying the practice will be seen in the following from Sibbald v. U. S., 12 Pet. 488, 492:

"When the supreme court have executed their power in a cause before them, and their final decree or judgment requires some further act to be done, it cannot issue an execution, but shall send a special mandate to the court below to award it. Whatever was before the court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case, and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded."

The principles of this citation have been stated many times in the supreme court, but probably nowhere so pointedly as here. A late collection of the cases reaffirming them will be found in Gaines v. Rugg, 148 U. S. 228, 242, 13 Sup. Ct. 611, and the latest statement of them is in Re Sanford Fork & Tool Co., 160 U. S. 247, 255, 16 Sup. Ct. 291. So far as we can discover, the rule itself was first stated in Southard v. Russell, 16 How. 547, 570, in the following language:

"Nor will a bill of review lie in the case of newly-discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the court of chancery and house of lords in

England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between parties in chancery suits."

This case was reaffirmed by the supreme court in U. S. v. Knight's Adm'r, 1 Black, 488, 489, and Kingsbury v. Buckner, 134 U. S. 650, 671, 10 Sup. Ct. 638. The principle of it was applied in Wiggins Ferry Co. v. Ohio & M. Ry. Co., 142 U. S. 396, 413, 12 Sup. Ct. 188, and in the cases there cited, and also at length in Rubber Co. v. Goodyear, 9 Wall. 805. In Ricker v. Powell, 100 U. S. 104, it was not noticed so far as the record shows. The circuit court of appeals for the Second circuit apparently refused to apply the rule in Marquand v. U. S., 6 C. C. A. 309, 57 Fed. 189, 190, stating that it was not within the province of that court, "in case a judgment of the circuit court is affirmed, to direct or suggest its action in regard to new trials upon newly-discovered evidence or newly-ascertained facts." Nevertheless the rule is too firmly established by the supreme court to be questioned, and, as said by it in Southard v. Russell, ubi supra, it is based on principles essential to the proper administration of the law and to the reasonable termination of litigation. It would be beyond endurance to permit subsequent appeals in the same case which are ultimately found to raise practically the same questions as those which have already come up and been determined; and whether such is the probability with reference to any subsequent appeal can be determined only by the appellate tribunal, which alone can fully understand the principles which governed its action, or which may continue to govern it. The rule was expressly recognized by the circuit court of appeals for the Seventh circuit in Bank v. Taylor, 4 C. C. A. 55, 53 Fed. 854, 866; and it, or its underlying principles, have been applied in this court, in Watson v. Stevens, 3 C. C. A. 411, 53 Fed. 31; Smith v. Weeks, 3 C. C. A. 644, 53 Fed. 758, 763; Woodward v. Machine Co., 11 C. C. A. 353, 63 Fed. 609, 611; American Bell Tel. Co. v. U. S., 15 C. C. A. 569, 68 Fed. 542, 570, and Cash-Carrier Co. v. Martin, 18 C. C. A. 234, 71 Fed. 519, 520. In some of these cases before us it was so clear that the application had no equity that we refused it; but in none of them has the rule, or the proper practice under it, been fully stated. First we will observe that the supreme court has made no distinction arising out of any question whether the application is made before or after judgment, or before or after mandate issued, or before or after the close of the term at which the judgment is rendered. In some of the cases to which we have referred it is stated that the application may be made after judgment; and, unless it can be made after a mandate has gone down, and even after the term has adjourned at which the judgment was entered, there would evidently arise instances of the grossest injustice for which there could be no relief. We have no doubt that an application may be made, as in this case, after the judgment, after the issue of the mandate, and after the close of the term at which the judgment was entered, subject to certain limitations as to time arising out of the equitable doctrine of laches, and other possible exceptional limitations. Ricker v. Powell, 100 U. S., at page 109. While it is commonly said that,

after an appeal, a bill of review may be allowed on new matter, yet it is also said to be doubtful whether a bill can then be filed for error apparent on the face of the record. Daniell, Ch. Prac. (6th Am. Ed.) 1579; Southard v. Russell, 16 How., at page 570. The reason of the thing sustains this doubt, as without it there would be large indirect opportunities for rehearings in appellate tribunals in addition to those provided by their rules, with consequent protraction of litigation, and raising anew all the questions open on the first hearing, and presumed to have been then heard and disposed of or waived. It is probable that there may arise exceptions, as in cases of mere oversight; but we are not called on to discuss this question, as the petition here is based wholly upon alleged newly-discovered evidence.

The application made to the circuit court was for leave to file a supplemental bill in the nature of a bill of review. As the application was made after the interlocutory decree which we have described, but before a final decree, so that when made a bill of review, strictly speaking, would not have been the proper method of proceeding, its form seems to be sustained by the authorities. Story, Eq. Pl. § 421; Reeves v. Kingston Bridge Co., Fed. Cas. No. 11,661; Baker v. Whiting, 1 Story, 218, 233, Fed. Cas. No. 786. It may be that it is not necessary to maintain so strict a rule, now that the equity practice has been relieved from the ancient method of taking proofs on closed commissions, and now that, with the present practice, no substantial reason remains why a simple petition for a rehearing cannot take the place of a supplemental bill. Such a petition was admitted in Henry v. Stove Co., 5 Ban. & A. 108, 2 Fed. 78, and recognized as proper in Rob. Pat. § 1133, and notes thereto. This more liberal practice seems impliedly assumed as proper in Wiggins Ferry Co. v. Ohio & M. Ry. Co., already cited (142 U. S. 396, 413, 12 Sup. Ct. 188), and in the cases therein referred to, where the supreme court exercised, under very special circumstances, an equitable power to permit amendments and new proofs, although by strict rule the party appealed against was entitled to an affirmance. By reason, however, of the form of proceedings adopted by the petitioners, we need not determine this particular question, and we only refer to it in order that it may be seen that we have not overlooked it. In Rubber Co. v. Goodyear, already referred to (9 Wall. 805), the practice on an application of an analogous character to that at bar appears at length. It is there shown that questions of two classes arise on the face of this petition: First, that of the materiality of the alleged new matter; and, second, that of laches. In Rubber Co. v. Goodyear, the supreme court considered and disposed of both classes adversely to the petitioner, thus showing that we have full power in that direction; a power which we exercised in some of the cases already referred to. Nevertheless, there are substantial differences. So far as the question of materiality is concerned, it is evident that it is mainly for the appellate court, because, ordinarily, it only can judge properly with reference thereto. Yet, while ordinarily this question would be for the appellate court, there may be very peculiar circumstances under which we might

feel bound to remit it to the court below. On the other hand, the question of laches would ordinarily be for the court below. Ordinarily, the appellate court, in dealing with an appeal, considers only portions of the record, those portions necessary to bring before it the errors especially assigned; and it is usually ignorant of the details of the history of the case. It thus, ordinarily, fails to have before it the elements which would enable it to determine properly the question of laches; and, moreover, it should not, ordinarily, be required to investigate all the details of litigation which bear on questions of this character. Yet, as appeared in Rubber Co. v. Goodyear, and as appeared in some of the other cases to which we have referred, it may be so clear that the petitioner has been guilty of laches that the appellate court may well dispose of all questions. It must, of course, be ordinarily understood that if leave is granted as prayed for by the petitioners, it cannot be in the form asked for by them, namely, leave to file further proceedings in the court below, but that what may go from the appellate court is that the petitioner has permission to apply to the court below for leave to file as asked for by him. Except so far as otherwise indicated by the order of the appellate court, or as may appear in its opinion filed in connection with the order, the court below will always understand that its discretion is unfettered.

In the present case, the basis of the application relates to a claim of newly-discovered evidence with reference to three different particulars. The first is that a certain alleged anticipatory device, known as the "Wood Device," which was determined by this court in the opinion passed down on the appeal (Gamewell Fire-Alarm Tel. Co. v. Municipal Signal Co., 10 C. C. A. 184, 61 Fed. 948) to have been purely experimental, has been ascertained to have been in prior use for commercial purposes. It is now claimed by the petitioners that the entire basis of the rejection of this device on the appeal was that it was experimental. An examination of the briefs, as well as of our opinion, sustains this proposition. As we shall remark further on, anticipatory matters, alleged to be newly discovered, are rarely accepted as the basis of proceedings of this character; but the circumstances appearing on the face of the petition are so peculiar that it seems to us that, if the petitioners satisfy the court below that they have not been guilty of laches, there would be a reasonable probability that the new proofs, if they sustain the allegations of the petition, would require reconsideration from us if the case should come here again.

The other alleged newly-discovered matters are a patent of the United States and a publication in a German periodical or newspaper. So far as these are concerned, the petitioners do not allege such peculiar circumstances as would justify any court in permitting the case to be reopened on this account. The rules stated by the supreme court as to the character of the proofs required to establish anticipatory matter as against a patent otherwise meritorious have been given in such terms as to make it apparent that a defense of this character is not favored unless when it has peculiar

merit. We may well refer in this connection to the opinion of Judge Wales, in behalf of the circuit court of appeals for the Third circuit, in Philadelphia Trust, Safe-Deposit & Insurance Co. v. Edison Electric Light Co. of New York, 13 C. C. A. 40, 65 Fed. 551, 552. The general interests of litigation require that applications for rehearings based on alleged anticipatory publications, which may well be presumed to be accessible to a search if sufficiently diligent, should not be made the basis of new proceedings unless strict rules are satisfied. As there is no limit to the amount of published material, there would otherwise be no end to the number of applications of this character which might be made, one after another. The question of laches involves in this case too many elements not considered by us on the appeal, and too many matters not appearing of record in this court, to require attention from us; and therefore it is remitted to the circuit court. We determine only that the petitioners may have permission to apply to the court below for leave to file their bill stated in the petition, first striking from it all alleged newly-discovered evidence except that which relates to the Wood device.

Ordered, that the petitioners present within one week the draft of an order conforming to the opinion passed down this day, giving reasonable notice thereof to the respondent.

A decree pursuant to this opinion was entered April 30, 1896, and reads as follows:

"The petition of the Gamewell Fire-Alarm Telegraph Company et al. for permission to present to the United States circuit court for the district of Massachusetts a petition for leave to file supplemental bill in the nature of a bill of review, having come on to be heard, now, after hearing Richard N. Dyer, Esq., on behalf of the petition, and Odin B. Roberts, Esq., in opposition thereto, it is ordered that permission be, and the same is hereby, granted to petitioners to present to the said United States circuit court for the district of Massachusetts, within ten days after the entry of this order, the annexed proposed supplemental bill in the nature of a bill of review, and to apply for leave of said circuit court to file the same, and proceed thereunder.

"By the Court. John G. Stetson, Clerk."

The proposed supplemental bill annexed to the decree was based entirely on the alleged prior use of the "Wood Device."