In re PIKE.

(Circuit Court of Appeals, First Circuit. September 17, 1896).

No. 190, Original.

APPEAL—AFTER MANDATE.

Mandamus will issue to direct the execution of a judgment of the circuit court of appeals, notwithstanding a second appeal for matter arising previous to that judgment.

John Lowell and Thos. H. Talbot, for petitioner.

Francis A. Brooks and Chas. A. Gregory, for respondents.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

PUTNAM, Circuit Judge. This is a petition for a writ of mandamus, and grows out of former appeals to this court, wherein judgments were entered by us, and, pursuant thereto, our mandates were duly issued to the circuit court for the district of Massachusetts, directing it to enter a decree conforming therewith. The decree was duly entered in that court, as required by our mandates; but, before the decree was executed, the respondent Gregory took a new appeal to this court, which appeal was formally allowed, and a supersedeas bond accepted. The judge of the circuit court, desiring thereupon the instructions of this court, refused to execute the decree. Thereupon Mary H. Pike, who is a party to the decree, and interested in its execution, filed this petition. All other parties in interest were duly notified under the order of this court of the pendency of the petition, or waived notice, and Gregory duly filed an answer, which has been fully considered. The petitioner filed a replication to that answer, which Gregory has moved to have stricken out; but we have no occasion to settle the question of practice raised by that motion.

The appeal taken in the circuit court after our mandates were received does not assume to relate to any subsequent matter. It was claimed orally, in the course of the argument before us, that in one particular the decree varied from the mandates; but the variance, if there be any, was detrimental to only one of the persons interested, who has waived the question on the record by uniting in this petition. No objection to the decree for this reason was taken in the answer to this petition, or raised in the attempted new appeal. The judgment of this court in the principal cause, and the mandates pursuant to it, covered the entire case, and provided for its final disposition in all respects; so that, in accordance with the settled law, there was no opportunity for a further appeal if the proceedings in the circuit court conformed to the mandates, as, for all the essential purposes of this petition, we find they did.

It is not necessary to trace out the history of the legislation by force of which appellate courts have been disenabled from executing their own decrees, and required to work out the execution of them through the inferior courts, the result of which is now found in section 701 of the Revised Statutes. It is sufficient to say that when,

pursuant to a mandate from us, a decree is entered in the circuit court, it is, to use the language of Chief Justice Waite in Stewart v. Salamon, 97 U. S. 361, 362, "in effect our decree," and an appeal from it would be "from ourselves to ourselves." We had occasion to consider this subject-matter incidentally in Re Gamewell Fire Alarm Tel. Co., 20 C. C. A. 111, 73 Fed. 908; and the authorities there collected, including those referred to in those there named, show conclusively that it was not in the power of the circuit court to intercept the prompt and complete execution of our mandates in any manner whatever. If parties have a right to supersede a decree entered pursuant to a mandate by a new appeal, they may do so indefinitely, and we would sit here in vain. The appeal which caused the circuit court to postpone the execution of its decree was ineffectual for any such purpose, and the prayer of the petition must be allowed.

The circumstances of the case justify us in directing that the writ to issue shall be a peremptory one, instead of in the alternative. A peremptory writ of mandamus, directed to the judges of the circuit court of the United States for the district of Massachusetts, or either of them, will issue as prayed for.