MUNICIPAL SIGNAL CO. v. GAMEWELL FIRE-ALARM TEL. CO. et al.

(Circuit Court, D. Massachusetts. December 8, 1896.)

No. 66.

PLEADING IN PATENT CASES—SUPPLEMENTAL BILL IN THE NATURE OF BILL OF
    REVIEW—NEWLY-DISCOVERED EVIDENCE.
    After the affirmance, on appeal, of an interlocutory decree for injunction and
    accounting, the defendant, by leave of the appellate court, applied to the cir-
    cuit court for leave to file in the nature of a bill of review,
    based upon newly-discovered evidence. The new evidence related to a device
    which had been set up as anticipatory at the original hearing. The court had
    then overruled the defense based thereon, not because it would not have been
    an anticipation, but because the proof of its existence and use was insuffi-
    cient. The new evidence strongly tended to show a complete commercial use
    at a time and place designated, and that defendant had used due diligence be-
    fore the original hearing to discover the circumstances of such use, but had
    been prevented therefrom by the machinations of defendant. *Held* that, un-
    der these peculiar circumstances, the pleading might be filed.

This was a suit in equity by the Municipal Signal Company
against the Gamewell Fire-Alarm Telegraph Company and others
for alleged infringement of letters patent Nos. 359,687 and 359,688,
granted March 22, 1887, to B. J. Noyes, for improvements in mu-
nicipal signal apparatus.    In August, 1892, after a hearing on the
pleadings and proofs, this court entered an interlocutory decree for
injunction and account.    52 Fed. 464.    From this decree defend-
ants appealed to the circuit court of appeals, which, on April 11,
1894, affirmed the same.    10 C. C. A. 184, 61 Fed. 949.    After the
going down of the mandate, no steps were taken by complainant
to have an accounting, and on June 12, 1895, defendants filed in this
court a petition for rehearing, and for leave to file a supplemental
bill in the nature of a bill of review, based on alleged newly-discov-
ered evidence.    This petition was denied by this court for want of
power, in the absence of any permission reserved in the mandate of
the circuit court of appeals.    Thereafter a petition was presented
to the circuit court of appeals asking leave to file in this court the
said supplemental bill in the nature of a bill of review.    The circuit
court of appeals, after a full hearing upon the petition, entered a
decree merely authorizing the defendants to present a petition to
this court for leave to file such bill.    20 C. C. A. 111, 73 Fed. 908.
Such petition has accordingly been presented to this court, and sup-
ported by affidavits.

The order made by the circuit court of appeals, authorizing the present proceed-
ing in this court, limited the scope of the proposed supplemental bill in the nature

of a bill of review to presenting alleged newly-discovered evidence in relation to a certain alleged anticipatory device known as the "Wood Signal Box." In relation to this device the petition and affidavit show that the same was set up and was considered at the original hearing in this court, and also at the hearing on appeal in the circuit court of appeals, and that the defense based upon it was overruled, not because it would not have been an anticipation, but because the proof of its existence and use was not sufficient. It was also further shown that, after these decisions, defendant discovered that the Wood signal box had in fact been for a time in actual use for business purposes in Kansas City, Mo., long prior to the application for the patents in suit; that, before the original hearing in this court, defendant had received an information in regard to such use, and had written a letter to one of the officers of the company which was said to have had the Wood device in use at that place, inquiring into the matter, but had received an unsatisfactory and evasive reply, and that it again addressed a communication to him, but received no response; that it had subsequently discovered that the reason its investigations had come to naught was due to the machinations of complainant, which, it was alleged, had sent an agent to Kansas City, and had there discovered one of the signal boxes there used, and had taken the same into its possession, or of some person connected with it; that for the purpose of concealing it, and preventing the knowledge of its use from coming to defendant, the complainant, through its agent, paid, to the persons from whom the box was obtained, a retainer, and renewed the same until after the decisions in this court and in the circuit court of appeals; and that by reason thereof defendant was unable at an earlier date to discover the facts in regard to the use in Kansas City.

Lange & Roberts, for complainant.

Dyer & Driscoll, for defendants.

COLT, Circuit Judge. Upon defendants' petition in this case, filed in the circuit court of appeals, for leave to file supplemental bill in the nature of a bill of review, the court, at the close of its opinion, said:

"We determine only that the petitioners may have permission to apply to the court below for leave to file their bill stated in the petition, first striking from it all alleged newly-discovered evidence except that which relates to the Wood device."

In the course of its opinion the court said:

"Anticipatory matters alleged to be newly discovered are rarely accepted as the basis of proceedings of this character; but the circumstances appearing on the face of the petition are so peculiar that it seems to us that, if the petitioners satisfy the court below that they have not been guilty of laches, there would be a reasonable probability that the new proofs, if they sustain the allegations of the petition, would require reconsideration from us if the case should come here again." 20 C. C. A. 111, 73 Fed. 908.

The supplemental bill which the defendants now ask leave to file is limited to the alleged newly-discovered evidence relating to the Wood device. Upon careful examination of the petition, affidavits, and briefs of counsel, I am of the opinion that the defendants should have leave to file this supplemental bill in the nature of a bill of review. Under the peculiar circumstances disclosed in the affidavits, I do not think the defendants are chargeable with such laches as should bar them from filing this bill. Without in any way passing upon the effect of the alleged newly-discovered evidence, it seems to me to be of such a character as entitles the defendants to a reconsideration by the court of the decree already entered. Petition granted.