### POST et al. v. BEACON VACUUM PUMP & ELECTRICAL CO. et al.

#### (Circuit Court of Appeals, First Circuit. June 14, 1898.)

#### No. 216.

1. EQUITY PLEADING—GENERAL DEMURRER—DEFENSE OF EQUITABLE ESTOPPEL.

The federal courts may consider the defense of equitable estoppel when assigned ore tenus under a general demurrer.

2. SAME.

When a bill alleges matters detrimental to the complainant's case which it might have left to be set up in the answer, such allegations, unless explained, may be taken advantage of by demurrer.

89 F.—1

3. COSTS ON APPEAL.

   That the appellate court sustains the decree of the court below on grounds other than those assigned by the latter court is not necessarily a reason for depriving the appellees of their costs on appeal, especially when the appellate court has not found it necessary to go to the extent of considering the reasons on which the court below decided the case.

4. APPEAL—AMENDMENT OF PLEADINGS.

   The rule applied that amendments of the pleadings are not permitted, in the appellate court, except by consent of the adverse party.

5. SAME—RESERVATION OF LEAVE TO LOWER COURT TO ALLOW AMENDMENT.

   There is no fixed rule governing the exercise by the circuit court or appeals of its equitable power to reserve leave to the court below to hear a motion by a defeated complainant to amend his pleading, but such leave will not be reserved where the complainant was defeated below on the merits, and made no application to amend before appeal, nor merely to permit the continuance of litigation, where there are no apparent equities sufficiently strong to justify it.

Appeal from the Circuit Court of the United States for the District of Maine.

This was a bill in equity by Louis Post and others, as stockholders of the Beacon Vacuum Pump & Electrical Company, against such company and the Beacon Lamp Company, to rescind a transfer of the property of the former corporation to the latter. In the circuit court, demurrers to the bill and to the amended bills were sustained, and the cause dismissed. The complainants took an appeal to this court, which on January 19, 1898, filed an opinion affirming the decree below. 28 C. C. A. 431, 84 Fed. 371. Thereafter the appellants filed in this court a petition for rehearing, and a motion to amend the bill in this court, and an alternative motion that leave be reserved to the court below to hear a motion to amend the bill. The petition and motions are here set out in full:

### Petition for Rehearing.

Now come appellants, and ask for a rehearing upon the following grounds: (1) That the subscription for stock "only under protest" should not be regarded in equity as an estoppel, the bill further alleging that it was made, and the property transferred, "while your orators were taking every means known to protect their rights in the premises," which allegation, without express innuendo, refers to the objections, protests, litigation to prevent the plan, and notification that the litigation would be continued, previously set forth in the bill, in view of which concurrent protests, litigation, and notification the said subscription was not a consent, and defendants had no right to rely upon said subscription "only under protest" as a waiver; and, further, the bill does not show or suggest any reliance upon said subscription under protest, nor was the same made a ground of demurrer or argument by defendants, whereby the case affirmatively indicates that defendants did not at all rely upon any supposed consent by complainants to said transfer of assets. (2) That complainants' real grievance is not that they could not have lamp company stock on better terms than co-stockholders, but that, by a plan ultra vires, against their consent, they were forced into new contractual relations and financial burdens; and to either pay $2,580, or lose a part of their share of the pump company property. Against such grievance they are entitled to equitable relief,—if not by rescission, then by an accounting and payment to them for their converted share of the pump company property. (3) That under all the circumstances of the case, and the demurrer having been allowed. for causes not stated on its face, appellants should be relieved from paying any costs in this court.

### Motion for Leave to Amend in This Court.

And now come said Louis Post et al., complainants (appellants) and ask for leave to set forth more precisely the case intended to be made by the bill, by adding the following amendments, and for a hearing on the same, viz.: Article 1, line 18, between "were" and "shown," insert the words "were and," and at end of article 1 add: "That, as your orators are informed and believe, March 1, 1895, and from thence to the sale thereof hereinafter set forth, the said assets of the said pump company consisted of: Machinery, $88,714.83; cash and debts receivable, $28,014.52; manufactures, merchandise, material, and stock in process of manufacture, $13,429.22; being $130,158.57, —together with patent rights represented by $860,000 of stock issued at par, which your orators allege were of great value, covering important inventions in the manufacture of electric lamps, but the exact value your orators are unable to set forth, and that its debts then payable were $22,194.38, being $5,720.14 less than its cash and debts receivable, and its bonds, payable in 1902, were $38,400. That by and in a certificate signed and sworn to by said pump company's vice president, treasurer, and three (being a majority) of its directors, and on the 4th day of May, 1895, by them filed with the secretary of the commonwealth of Massachusetts, and approved by the commissioner of corporations, said assets and liabilities were scheduled and stated, as of March 1, 1895, to be of the character and amount aforesaid." And article 7, line 15 (record, page 6), adds: "That from the inception of said plan, Exhibit A, to and at the time said subscription 'only under protest' was made, and including the time when the transfer of property was made, your orators continuously made and were making many verbal and written protests and objections to said illegal plan, Exhibit A, and the sale of said assets as therein set forth, and, at the time of said subscription and transfer of assets, had begun and were prosecuting litigation as aforesaid to prevent the accomplishment of said plan, all which was well known to both said defendant corporations and their officers both prior to and at the time of said subscription 'only under protest,' and the transfer of the property to said Beacon Lamp Company. That the protest accompanying your orators' subscription under protest was intended by your orators to be, and in fact was, a part of the said protests, objections, and litigation; and, upon information and belief, your orators allege that both said defendant companies and their officers well knew and understood that such was the meaning of said expression 'under protest,' and knew that it was made and intended only to preserve the rights of your orators to continue to maintain litigation for relief from said illegal scheme, and to prevent any relinquishing of any rights by an unconditional subscription, and that neither of said defendant companies nor their officers took any action, or refrained from taking any action, in the premises because of said subscription under protest, nor was said transfer of assets made by reason thereof or in reliance thereon."

### Motion for Leave to be Reserved to the Court Below to Hear a Motion to Amend Said Bill.

And now come Louis Post et al., complainants (appellants), and move that if this court deny complainants' petition heretofore filed for rehearing, and also overrule complainants' motion heretofore filed for leave to amend in this court, then that the court will reserve leave to the court below to entertain a motion by complainants for leave to amend their said bill.

Edward P. Payson, for appellants.
William H. Dunbar, for appellees.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. The appellants have filed a petition for a rehearing, in which they claim that the conclusions of the court in this case related to matters which had not been argued by either party. Consequently we deemed it proper to direct the filing of briefs in

support of the petition, and in reply thereto, and we now deem it also proper to notice in this way the positions taken in them.

With reference to our conclusions as to the effect of the subscriptions to the capital stock of the new corporation, the appellants fail to give full weight to the distinction between equitable estoppel and estoppel at common law. As the relief asked for might involve fellow shareholders in losses much greater in proportion than the injury sought to be remedied, and as the complainants (now the appellants) are asking an equitable remedy, equity requires a strict application of the rule that, for a bill of this nature, the complainants should have maintained that consistent position necessary to relieve them against equitable estoppel. This at times amounts, in effect, to laches. In the case at bar it is so strictly analogous to laches that it might well have been so described. However it may be in some of the state courts, federal courts may consider defenses of this kind when assigned ore tenus under a general demurrer, and even sua sponte. This follows from the fact that matters of this character sometimes involve questions of public policy. Badger v. Badger, 2 Wall. 87, 95; Sullivan v. Railroad Co., 94 U. S. 806, 811; Wollensak v. Reiher, 115 U. S. 96, 101, 5 Sup. Ct. 1137; Mackall v. Casilear, 137 U. S. 556, 566, 11 Sup. Ct. 178; Galliher v. Cadwell, 145 U. S. 368, 373, 12 Sup. Ct. 873; Story, Eq. Pl. (10th Ed.) §§ 503, 815, and notes. The position taken by the appellants with reference to Rule 11 of this court, touching assignments of error on appeals and on writs of error, has no relevancy to the questions before us. That rule has no relation to assignments of grounds of demurrer, and it required no duty of any kind from the appellees.

The appellants' discussion of the effect of their subscriptions to the stock of the new corporation fails to appreciate that they were accomplished facts. Being such, they, of course, override any mere matters of intention on the part of the complainants. There is a possibility (about which the court cannot now judge) that clear and specific allegations that the subscriptions had not been accepted by the defendants below, or recognized by them, or that they took action which positively annulled them, if there had been such, might have had some favorable effect in behalf of the complainants; but there is nothing of this nature in the bill.

The discussion of the appellants with reference to certain theories of equity pleading does not help us, as both their theories and the authorities cited by them are ignored by the federal courts. It is distinctly held in Wollensak v. Reiher, 115 U. S., at page 101, 5 Sup. Ct. 1137, and Hardt v. Heidweyer, 152 U. S. 547, 558, 14 Sup. Ct. 671, that when a bill alleges matters detrimental to the complainant's case, which it might have left to be set up in the answer, such allegations, unless explained, may be taken advantage of by demurrer. This follows from the fact that in the federal practice the general replication is the only one, and there are no such special replications as are referred to in the authorities cited by the appellants.

The above disposes of the only points which we decided. But the appellants' brief refers to what was said by us with reference to their various prayers for relief. As to this, they could not have read our

opinion understandingly, because we referred thereto, not for the purpose of stating, as the appellants seem to suppose, that a bill might not have been framed which would entitle the complainants to relief by way of an account and compensation, but merely as showing that the complainants, by the very form of their bill, had demonstrated that they did not object to being put into contractual relations with the new corporation; thus meeting the objection which was the real basis of the judgments of the supreme court in Clearwater v. Meredith, 1 Wall. 25, and in Mason v. Mining Co., 133 U. S. 50, 10 Sup. Ct. 224.

The appellants insist that costs are not to be allowed when the bill is disposed of on new grounds of demurrer assigned ore tenus. This is probably a frequent practice in the courts of the first instance. Story, Eq. Pl. (10th Ed.) § 464. But on this point, as also with reference to what the appellants maintain as to other matters in this connection, they have confused the equitable powers and practice of courts of the first instance with those of appellate tribunals. It does not follow that, because the appellate court maintains a decree of the court below on grounds other than those assigned by the latter court, the appellees are not entitled to their costs on appeal, especially where, as in the case at bar, the appellate court has not found it necessary to go to the extent of considering the reasons for which the court below decided the case. Non constat, if we had gone to the extent of considering them, we should still have found for the appellees. The defendants below filed a general demurrer, and assigned want of equity as one ground thereof. Equitable estoppel, appearing on the face of the bill, was within the limits of this assignment. Therefore, when the complainants appealed, and sought to reverse the decree below, they took their chances, so far as the matter of costs is concerned, with regard to that ground of demurrer, although alleged generally.

With reference to their petition for leave to amend in this court, the appellants must have overlooked the fact that very lately, in Railroad Co. v. Nichols, 85 Fed. 869, 29 C. C. A. 464, we noticed that the supreme court holds that amendments of the character sought by these complainants cannot be made in an appellate court without the consent of the adverse party. As to their motion for leave to reserve a right to move the court below to allow amendments, this question has come up in this court in the following cases: Watson v. Stevens, 3 C. C. A. 411, 53 Fed. 31, 34, decided Oct. 29, 1892; Smith v. Weeks, 3 C. C. A. 644, 53 Fed. 758, 763, decided Jan. 10, 1893; Woodward v. Machine Co., 11 C. C. A. 353, 63 Fed. 609, 611, decided June 23, 1894; American Bell Tel. Co. v. U. S., 15 C. C. A. 569, 68 Fed. 542, 570, decided May 18, 1895; Cash-Carrier Co. v. Martin, 18 C. C. A. 234, 71 Fed. 519, decided Dec. 30, 1895; In re Gamewell Fire-Alarm Tel. Co., 20 C. C. A. 111, 73 Fed. 908, decided April 23, 1896; The Horace B. Parker, 20 C. C. A. 572, 74 Fed. 640, decided May 22, 1896. The decisions may be said not to be uniform in all respects, as decisions which depend on the exercise of equitable discretion are very apt not to be, and especially so when, in the earlier cases, all the practical effects of certain rules are not foreseen. It however appears from these cases that there is no formal rule, necessary to be complied with,

for calling into action the equitable powers of the court in this particular, and that, indeed, it may be exercised at times on the mere suggestion of counsel, in connection with what appears in the record. Nevertheless, no case has gone so far as to grant a petition of this character when the equities in its favor are so weak as they are in the present instance. The observations made by this court in Cash-Carrier Co. v. Martin, at page 235, 18 C. C. A., and at page 520, 71 Fed., fully meet the case at bar. The court said that "the distinction must be kept clearly in view between amendments allowable before an appeal, and those for which a cause is to be kept along thereafter." And the court cited from American Bell Tel. Co. v. U. S., at page 597, 15 C. C. A., and at page 570, 68 Fed., where it is said, among other things, as follows: "To grant this motion would, under the circumstances, violate all the rules requiring diligence from parties complainant." Moreover, in the present case we are dissatisfied, as our opinion shows, with the bill throughout; and to ask us to undertake to determine whether or not it can be so amended as to be of any avail would throw upon us the burden of going over the whole case for the purpose of considering several important questions urged upon us by the defendants below (now the appellees), and not decided, and also of scrutinizing the sufficiency of the allegations of the bill at several points. But, however this may be, for the court to grant this motion would be merely to permit a continuance of litigation when there are no apparent equities sufficiently strong to justify it.

Our opinion on this appeal may have been too positive in its assumption that the bill sets out the best case the complainants could make, and we have now concluded that it is equitable to so amend our judgment that the bill shall be dismissed without prejudice. Hyer v. Traction Co., 168 U. S. 471, 481, 18 Sup. Ct. 114, 118.

Ordered: The appellants' petition and motions filed March 7, 1898, are all denied. The judgment entered January 19, 1898, is revoked, and the following judgment is entered: The decree of the court below is affirmed, with a modification amending it so that the dismissal of the bill shall be without prejudice,—the appellees recover the costs of this court,—and the case is remanded to the circuit court for further proceedings accordingly. Ordered, further, that a mandate issue forthwith.